IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBERT JOE STRANGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-716-D |
| | ) | |
| CORRECT CARE SOLUTIONS, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 12] issued by United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Upon initial screening of the Complaint, Judge Mitchell recommends a dismissal without prejudice for failure to state a cognizable claim under 42 U.S.C. § 1983 or the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and denial of a motion that is liberally construed as a request to amend the Complaint. Plaintiff, who appears *pro se*, has made a filing entitled "Right to Object, Jury Trial Demanded" [Doc. No. 13] that is construed as a timely objection. Thus, the Court must make a *de novo* determination of any portion of the Report to which a specific written objection is made, and may accept, reject, or modify the recommended decision, or return the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Although the Objection is difficult decipher, the Court understands that Plaintiff objects to several issues addressed by Judge Mitchell. He explains the use of "et al." in

the caption of his pleading was intended to include as additional defendants the "medical providers" discussed in his allegations, including "G.E.O.," "D.O.C.," and "Mr. Honaker." *See* Obj. at 1. However, Judge Mitchell liberally construed his Complaint to name these parties. *See* R&R at 1 n.1. Plaintiff also repeats or adds to his litany of grievances about the health care he has received (or been denied) while an inmate at the Lawton Correctional Facility or facilities operated by the Oklahoma Department of Corrections.[1] In addition to matters discussed in prior pleadings, Plaintiff makes new, cursory allegations about eye care and blindness, conditions related to his military service in Vietnam and exposure to Agent Orange, his cell assignment, failure to recognize his status as an American Indian tribal member and a Vietnam era Veteran, lack of fresh fruit and vegetables, black mold at his current facility, a "demeaning statement" regarding his hair, and recent care for an "injured right heel." *See* Obj. at 2, 3, 6, 8, 9 & 10. Liberally construing Plaintiff's Objection, the Court understands these allegations are intended to supply additional facts to state a cognizable claim.

Upon *de novo* consideration of the issues addressed by Judge Mitchell, the Court finds that Plaintiff's additional allegations, even if considered, are insufficient to cure the deficiencies in his pleading. The Court fully concurs in Judge Mitchell's findings and conclusions. Plaintiff has failed to state a plausible § 1983 or ADA claim.

---

[1] Plaintiff states that he was recently transferred to a different facility. The envelope for his Objection bears a return address and stamp indicating that Plaintiff is now confined at the James Crabtree Correctional Center in Helena, Oklahoma. Plaintiff is reminded of his obligation under LCvR5.4(a) to provide proper notice of a change of address.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety. This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). A separate judgment of dismissal shall be entered.

IT IS SO ORDERED this 27th day of November, 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge